
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* pending)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* pending)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* pending)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1012
Facsimile: (212) 715-1399

*Attorneys for Intervenor-Defendant*
*Louise Paris, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEROPOSTALE, INC., a Delaware corporation; ROSS STORES, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:15-cv-08621-RGK-AJW<br><br>Judge: Hon. R. Gary Klausner<br><br>**MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE**<br><br>**Date: January 25, 2016**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal - 850** |

**INTRODUCTION**

Nonparty Louise Paris, Ltd. ("Louise Paris") moves the Court, pursuant to Fed. R. Civ. P. 24, to intervene in this action ("*SFI II*") in order to defend against Plaintiff Standard Fabrics International, Inc.'s ("Standard Fabrics") copyright infringement allegations.

Louise Paris has a clear interest in this action. Plaintiff Standard Fabrics alleges that Defendants Aeropostale, Inc. and Ross Stores, Inc. (jointly, "Defendants") sold garments bearing fabric designs that infringe copyrights owned by Standard Fabrics. Standard Fabrics further alleges that ten Defendant Does have infringed as well — including the party that supplied Defendants with the garments at issue. *See* Ex.[1] 1 ¶ 7 (*SFI II* Complaint). As Plaintiff and its counsel well know, Louise Paris is that supplier, as well as the designer of the garments. In addition, as Plaintiff also knows, Louise Paris is indemnifying the Defendants with respect to Plaintiff's copyright infringement claims. The reason Plaintiff and its counsel know about Louise Paris' involvement is that, prior to commencing this action, Standard Fabrics sued Louise Paris (and a separate retailer) for copyright infringement with respect to the very same garments and fabric designs, which action is still pending in this very Court. *See Standard Fabrics Int'l, Inc. v. Louise Paris, Ltd.*, No. 2:15-cv-03495 (C.D. Cal.) ("*SFI I*").

As the designer and supplier of the garments at issue, Louise Paris is the real party in interest, and is in a unique position to defend against Standard Fabrics' infringement claims. Absent Louise Paris' involvement, Defendants will be severely limited in their ability to gather and present evidence regarding, for example, the creation of the garments and the selection of fabric designs for use. Indeed,

---

[1] "Ex." refers to an Exhibit to the Declaration of Laura W. Tejeda, dated December 28, 2015.

Defendants played no role in that process, but instead merely purchased garments from Louise Paris at wholesale.

Notably, this motion would not have been necessary but for Standard Fabrics' refusal to cooperate. Even if Standard Fabrics did not know that Louise Paris was the supplier of these garments at the time it commenced this action last month — which is highly doubtful given the parties' past litigation activity — Standard Fabrics is now well aware. Further, although Standard Fabrics promised the Court that it would amend its Complaint in this action (*SFI II*) when it learned the identity of any Defendant Doe (*see* Ex. 1 ¶ 7 (*SFI II* Complaint)), it has deliberately failed to add Louise Paris as a defendant. To make matters worse, Standard Fabrics has refused to stipulate to Louise Paris' intervention, apparently justifying such refusal, at least in part, on Judge Gutierrez's decision not to accept the transfer this action as a related case to *SFI I*. *See* Ex. 3 (correspondence with Standard Fabrics' counsel); *see also* Dkt. No. 11 (declining transfer in part because the cases involve "different sets of Defendants"). Standard Fabrics' counsel made this precise argument earlier this year in the case of *Unicolors, Inc. v. Macy's, Inc.*, No. 2:14-cv-08611 (C.D. Cal.). Then — as it should now — this Court rejected counsel's argument as flawed:

> Plaintiff points to Judge Otero's decision in *Unicolor I* to decline transfer of the present action as a "related case" on the grounds that the present action "involves different defendants, alleged acts of infringement and damages." (Barrett Decl., Ex. 10.) Plaintiff suggests that Judge Otero's decision somehow forecloses the possibility of intervention here, but cites no authority which stands for that proposition. While that decision informs the Court's present analysis, neither the decision itself nor the grounds cited therein preclude this Court from finding that Urban's defense and the current action share at least some common questions of fact and/or law for purposes of the present motion to intervene.

*Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (C.D. Cal. Jan. 27, 2015) (Klausner, J.) (attached as Ex. 4).

- 2 -

1  In view of Louise Paris' clear interest in this action — an interest that only it can
2  adequately protect — as well as the very early stage of this case, Louise Paris should
3  be permitted to intervene as a matter of right, pursuant to Fed. R. Civ. P. 24(a). In the
4  alternative, as there are common issues of law and fact between Louise Paris' defense
5  and this action, Louise Paris should be permitted to intervene pursuant to Fed. R. Civ.
6  P. 24(b).
7  As required by Fed. R. Civ. P. 24(c), a proposed Answer in Intervention is
8  attached to this memorandum as Ex. 5.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

10  Louise Paris is a New York-based garment designer and supplier. Louise Paris
11  sells garments at wholesale to retailers. Those retailers then sell the garments to the
12  consuming public.
13  On May 8, 2015, Standard Fabrics filed its Complaint in *SFI I*, alleging that
14  Louise Paris, and a retailer known as Rainbow USA, Inc., were selling garments
15  bearing fabric designs that infringed certain copyrights owned by Standard Fabrics.
16  *See, e.g.*, Ex. 2 ¶¶ 14, 19, 23-24 (*SFI I* Complaint). As discovery progressed in that
17  action, Louise Paris produced documents demonstrating its sales of the very same
18  garments to additional retailers that were not parties in *SFI I*.
19  On November 4, 2015, prior to Louise Paris' production of any evidence
20  demonstrating its sales of these garments to Defendants Aeropostale, Inc. and Ross
21  Stores, Inc., Standard Fabrics commenced this action (*SFI II*), alleging that Defendants
22  were selling garments bearing fabric designs that infringed its copyrights. *See, e.g.*,
23  Ex. 1 ¶¶ 13, 18, 22-23 (*SFI II*). Notably, the garments at issue in *SFI I* are the exact
24  same garments as those at issue in *SFI II*. *Compare* Ex. 2 ¶¶ 14, 19 (*SFI I* Complaint),
25  *with* Ex. 1 ¶¶ 13, 18 (*SFI II* Complaint). In this action, Standard Fabrics also accused
26  ten Defendant Does of infringement:

27  Plaintiff is informed and believes and thereon alleges that
   Defendant Does 1-10, inclusive, is a manufacturer, and/or a
28  vendor (and/or agent or employee to a manufacturer or

- 3 -

> vendor) of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

*See* Ex. 1 ¶ 7 (*SFI II* Complaint).

As a result of Louise Paris' document production in *SFI I* and conversations between the parties' counsel, Standard Fabrics is now well aware that Louise Paris sold the garments at issue in *SFI II* to the Defendants in this action. *See, e.g.*, Ex. 3. Nevertheless, notwithstanding Standard Fabrics' representation that it would "seek leave to amend [its] complaint to show [Defendant Does'] true names and capacities when same have been ascertained" (Ex. 1 ¶ 7 (*SFI II* Complaint)), Standard Fabrics took no action to add Louise Paris as a defendant in *SFI II*.

Therefore, in accordance with Local Rule 7-3, on December 10, 2015, Louise Paris' counsel sent emails to Standard Fabrics' counsel regarding a meet and confer with respect to this motion. *See* Ex. 3. In response, Standard Fabrics' counsel stated that "we already filed a notice of related cases, and Judge Gutierrez declined to joint [*sic*] this case with the 15-3495 case." *Id.* As a result, Standard Fabrics' counsel further stated that Standard Fabrics "cannot stipulate to intervention here, and will oppose your proposed motion." *Id.* After the parties' counsel exchanged emails regarding the flaws in Standard Fabrics' position on December 15, 2015, Standard Fabrics' counsel failed to respond to a request to further meet and confer. *Id.*

## **LEGAL STANDARD**

Motions to intervene are governed by Rule 24 of the Federal Rules of Civil Procedure, which permits two types of intervention: intervention as of right and permissible intervention.

Pursuant to Rule 24(a), courts *must* permit a party to intervene who

> [o]n timely motion . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Therefore, a motion based on Rule 24(a)(2) must meet the following four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

Pursuant to Rule 24(b), courts may permit anyone to intervene who, "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In other words, as this Court has explained, an applicant for permissive intervention must show:

> (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.

*Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 2 (attached as Ex. 4) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). Further, courts considering motions for permissive intervention should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this Circuit, "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki*, 324 F.3d at 1083. Courts weighing such a motion are "guided primarily by practical and equitable considerations." *Id.* As

- 5 -

discussed below, Louise Paris should be entitled to intervene as of right, or by permission.

## ARGUMENT

**I. LOUISE PARIS IS ENTITLED TO INVENTION AS A RIGHT**

Louise Paris meets each of the four requirements for intervention as a matter of right in this action.

*First*, this motion is timely. As discussed above, Standard Fabrics commenced this action on November 4, 2015. Louise Paris brings this motion less than two months later, while the action is still at its most preliminary stage. Accordingly, there has been no delay, much less prejudicial delay. *See Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (attached as Ex. 4) (no delay considering "the stage of the proceeding ," "the prejudice to other parties," and "the reason for and length of the delay"); *Indus. Tech. Res. Inst. v. LG Elecs., Inc.*, No. 3:13-cv-02016, 2014 WL 5325709, at \*\*2-3 (S.D. Cal. Oct. 17, 2014) ("The Court finds that a less than four month delay is a reasonable amount of time for LG Display to analyze the proceedings and prepare its motion, and thus does not weigh against timeliness."); *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 8:08-cv-626, 2008 WL 4326788, at \*1 (C.D. Cal. Sept. 22, 2008) ("The intervention is timely because the lawsuit is at an early stage.").

*Second*, Louise Paris has a significant protectable interest relating to the property or transaction that is the subject of the action. Specifically, as discussed, Defendants are Louise Paris' direct customers for the garments at issue, and are being sued for alleged copyright infringement based on the sale of garments designed by and purchased from Louise Paris. Accordingly, Louise Paris has a direct interest in defending against such copyright allegations (which are unfounded), not to mention defending its customers against such allegations, particularly in light of Louise Paris' agreement to indemnify Defendants in such circumstances. *See Indus. Tech.*, 2014 WL 5325709, at \*3-4 (finding that manufacturer and indemnifier has a significantly

protectable interest in the subject matter of this litigation); *Ancora*, 2008 WL 4326788, at *1 (same).

*Third*, there is no question that the disposition of the action may impair or impede Louise Paris' ability to protect its own interest. An adverse ruling in this action would not only impact Louise Paris' relationship with its customers and have financial repercussions given Louise Paris' agreement to indemnify Defendants, but would also potentially impact Louise Paris' ability to defend itself in *SFI I*. *See Indus. Tech.*, 2014 WL 5425709, at *4. Further, unless Louise Paris is permitted to intervene in this case, Defendants will have to engage in extensive third-party discovery in order to obtain critical evidence regarding the conception and design of the garments at issue. In addition, there is no guaranty that Defendants would succeed in obtaining all such information, or would be able to process it and use it effectively to defend against Standard Fabrics' claims. Therefore, disposing of this action in Louise Paris' absence and would severely impair Louise Paris' ability to protect its own interest.

*Fourth*, Defendants cannot possibly represent Louise Paris' interest adequately. The Ninth Court has emphasized that "[t]he burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki*, 324 F.3d at 1086. As the designer and supplier of the garments at issue, Louise Paris has unique incentive to defend against Standard Fabrics' copyright infringement allegations, especially given that it is being sued for the same conduct in *SFI I*. *See Ancora*, 2008 WL 4326788, at *1 ("Applicant's interest is not adequately represented by the existing Defendants because none has comparable expertise or incentive to defend Applicant's own software and technology."). Moreover, as the designer and supplier of the garments, Louise Paris has unique knowledge and is in possession of the evidence needed to support its defenses. *Cf. Indus. Tech.*, 2014 WL 5425708, at *4 ("In litigation against the buyer of a manufacturer's products, a manufacturer is

'uniquely situated to understand and defend its own product, its interest are not adequately represented by existing parties to the litigation.'" (citation omitted)).

## II. LOUISE PARIS IS ENTITLED TO PERMISSIVE INTERVENTION

In the alternative, even if Louise Paris does not meet the requirements for intervention of right — which it does — Louise Paris meets the three requirements for permissive intervention.

*First*, as this Court held in *Unicolors*, Louise Paris "seeks to assert its defense in response to Plaintiff's copyright claims, and federal question jurisdiction thus extends to that defense." *Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (attached as Ex. 4).

*Second*, as discussed earlier, this motion is timely, and permitting Louise Paris to intervene would not prejudice Standard Fabrics anyway. *See supra* Section I.

*Third*, Louise Paris' defenses plainly have questions of law and fact in common with this action. Standard Fabrics alleges that Defendants infringed its copyrights by selling garments supplied by Louise Paris, and have made the very same claims against Louise Paris in a separate action for sales of those very same garments. Indeed, in listing *SFI I* as a related case to *SFI II*, Standard Fabrics has admitted that the two actions "[c]all for determination of the same or substantially related or similar questions of law and fact." Dkt. No. 4 at 3; *cf. Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (attached as Ex. 4) (discussing plaintiff's Notice of Related Case). Accordingly, Louise Paris merely seeks to defend this case in the same manner that it is defending *SFI I*, and permissive intervention should be allowed.

## CONCLUSION

For all the reasons described above, Louise Paris respectfully requests that the Court grant its motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). In the alternative, Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

| | | |
|---|---|---|
| 1 | Dated: December 28, 2015 | ARNOLD & PORTER LLP |
| 2 | | |
| 3 | | By:   */s/ Eric D. Mason* |
| 4 | |       Eric D. Mason |
| | |       Eric.Mason@aporter.com |
| 5 | |       Louis S. Ederer |
| 6 | |       Louis.Ederer@aporter.com |
| | |       Matthew T. Salzmann |
| 7 | |       Matthew.Salzmann@aporter.com |
| 8 | |       Laura W. Tejeda |
| | |       Laura.Tejeda@aporter.com |
| 9 | | *Attorneys for Intervenor* |
| | | *Louise Paris, Ltd.* |

