Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone (310) 590-1820
Attorneys for Plaintiff Standard Fabrics International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>AEROPOSTALE, INC., a Delaware Corporation, *et al.*<br><br>Defendants. | Case No.: 15-cv-08621-RGK-AJW<br>*Hon. R. Gary Klausner Presiding*<br><br>**OPPOSITION TO NON-PARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE; DECLARATION OF TREVOR W. BARRETT, ESQ.**<br><br>Date:       January 25, 2016<br>Time:       9:00 a.m.<br>Court:      850 - Roybal |

OPPOSITION TO MOTION TO INTERVENE

## I.   INTRODUCTION AND STATEMENT OF FACTS

Non-party Louise Paris, Ltd. ("Louise Paris")'s motion to intervene should be denied in its entirety. Louise Paris has no good cause for intervention in this action. It concealed evidence and the identities of the defendants in this case as being customers for the goods at issue in a previously-filed case until well after the deadline to add these customers as defendants in the prior case. Additionally, Louise Paris is adequately representing and defending its own interests in that case and Paris has no significantly protectable interest in this case that is not already being defended in the prior case. The motion must be denied.

On May 8, 2015, Standard Fabrics International, Inc. ("Standard") filed the lawsuit *Standard Fabrics Int'l, Inc. v. Louise Paris, Ltd.*, No. 2:15-cv-03495 (C.D. Cal.) ("*SFI I*"). In *SFI I*, Standard alleged that Louise Paris manufactured and disseminated products bearing designs that infringe on Standard's registered copyrights for two two-dimensional textile designs (the "Subject Designs"). Louise Paris concealed evidence of its sales of infringing garments to the defendants in this action, Aeropostale, Inc. ("Aeropostale") and Ross Stores, Inc. ("Ross"), for several months during discovery in *SFI I*, frustrating Standard's ability to pursue a timely consolidated action and adequate discovery involving all of Louise Paris' customers for the goods at issue. Declaration of Trevor W. Barrett ("Barrett Decl."), ¶ 3.

On June 2, 2015, Louise Paris filed its L.R. 7.1-1 Notice of Interested Parties for the *SFI I* case, requiring it to disclose "all persons, associations of persons, firms, partnerships and corporations [...] which may have a pecuniary interest in the outcome of the case [...]" L.R. 7.1-1. Louise Paris neglected to disclose either Aeropostale or Ross in this notice. On July 28, 2015, Louise Paris served its initial disclosures for that case, which were supposed to have included the names and affiliations of each potential witness likely to have discoverable information in the

case. Fed. R. Civ. P. 26. Louise Paris again concealed Aeropostale and Ross as customers of Louise Paris. The Court in *SFI I* set the deadline to add parties and amend pleadings at September 3, 2015. Barrett Decl., ¶ 6, Ex. 3.

Standard served its first set of discovery requests on Louise Paris in *SFI I* on July 28, 2015. Id. at ¶ 7, Ex. 4. Standard's discovery requests included an interrogatory seeking Louise Paris to detail all of its sales of the infringing goods, including the identification of all persons to which Louise Paris made such sales. Id. On August 31, 2015, Louise Paris specifically responded that all sales of the infringing garments were made to Rainbow USA, Inc. Id. Louise Paris has still not supplemented this response. Id.

Louise Paris never provided any documents or discovery responses reflecting any sales to Ross in the *SFI I* case. Id. at ¶ 8. Indeed, Louise Paris' counsel stated in a November 2, 2015 e-mail "We are unaware of any of the accused garments having been sold by Louise Paris to Ross," (Id., Ex. 5) yet now readily admits to this Court that it "supplied Defendants with the garments at issue." U.S.D.C. Dkt. No. 23, p. 1. Louise Paris has concealed its sales to Ross, and still has not bothered to supplement its discovery responses to detail such sales in *SFI I*. Instead, it seeks to intervene here – with a little more than one month remaining in discovery in *SFI I* – after backtracking on its statement that it didn't sell the infringing garments at issue to Ross.

And, Louise Paris did not provide any documents in *SFI I* reflecting sales to Aeropostale until October 30, 2015 – nearly two months *after* the deadline to add parties to the action. Id. at ¶ 9. The same day, Standard's counsel requested Louise Paris stipulate to adding both Aeropostale and Ross as defendants to the *SFI I* case. Id. Louise Paris declined to stipulate. Id. As such, given the deadline to amend the pleadings had long passed, Standard filed the instant action on November 4, 2015.

*See* U.S.D.C. *Dkt.* No. 1. Standard also filed a notice of related cases with the *SFI I* Court, but the Court declined to consolidate the actions. *See* U.S.D.C. *Dkt.* No. 11.

Since, as detailed below, Louise Paris fails to prove that it is entitled to intervene in this action either as a matter of right or per this Court's discretion, and equitable considerations mandate that this action proceed without Louise Paris, the motion fails and should be denied in its entirety.

## II.   LOUISE PARIS' MOTION MUST BE DENIED

### A.   *Louise Paris fails to prove that intervention is appropriate.*

One who seeks to intervene as of right in a pending lawsuit must show that it has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; it is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and that it's interest would not be adequately represented by the existing parties in the lawsuit. *Northwest Forest Resource Council* ("*NFRC*") *v. Glickman,* 82 F.3d 825, 836 (9th Cir.1996). Rule 24(a)'s test is conjunctive; to merit intervention as of right, a prospective intervenor must satisfy each Rule 24(a) requirement. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Additionally, Rule 24(b)(2) provides that the court may allow an absentee to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). But the court still retains "broad discretion" to deny a motion for permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion the court shall consider whether the intervention will prejudice the adjudication of the rights of the original parties. Fed. R.Civ.P. 24(b)(2).

The disposition of the instant action relates only to certain of Louise Paris' customers that were hidden by Louise Paris during the litigation of *SFI I*. Although there may be overlapping issues of fact and law in the two cases at issue, Louise

OPPOSITION TO MOTION TO INTERVENE

Paris' concealment of Aeropostale and Ross in violation of many rules and Louise Paris' discovery obligations militates in favor of denying the motion.

And, Louise Paris' interests have been and will be adequately represented and protected in *SFI I* notwithstanding the disposition of this case. Louise Paris' intervention will further irreparably prejudice the complete adjudication of Standard's meritorious claims in this action. The motion must be denied.

1)   *Louise Paris's concealment of its customers in violation of federal and local rules necessitated the filing of this action and weighs against allowing intervention.*

Louise Paris's motion should be denied because its own conduct necessitated the filing of this separate action. Louise Paris failed to disclose the names of all parties that sold the infringing garments before the deadline to add additional defendants as required by the Federal Rules of Civil Procedure and this District's Local Rules. Specifically, Louise Paris failed to identify either Ross or Aeropostale in its Rule 26 Initial Disclosures, its LR 7.1-1 Notice of Interested Parties, or in timely compliance with its good faith discovery obligations. Because Louise Paris violated its duty to make these disclosures, instead electing to wait until after the deadline to amend had expired and Standard was thus unable to add the customers to *SFI I* with sufficient time to conduct adequate discovery and comply with the Court's scheduling order, Louise Paris is at fault for the necessitation of this action. Louise Paris's motion fails.

a)   *Louise Paris's concealment violated Fed. R. Civ. P. 26.*

Louise Paris's concealment evidence of its sales of the infringing garments to Aeropostale and Ross is a plain violation of Fed. R. Civ. P. 26. As such, Louise Paris is the party that required the filing of this action and Louise Paris should not benefit from its misconduct.

Rule 26 provides in relevant part:

(a) Required Disclosures.

(1) Initial Disclosure.

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) *the name and, if known, the address and telephone number of each individual likely to have discoverable information*—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [...]

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Louise Paris disregarded this mandate by failing to disclose Aeropostale and Ross. Indeed, as discussed above, Louise Paris' *only* identification of Ross as a customer came in the instant motion to intervene.

Had Louise Paris complied with its Initial Disclosure obligations, Standard would have had time to amend the complaint in *SFI I* to name Aeropostale and Ross as defendants before the deadline for amendment expired. But Louise Paris's misconduct (and ongoing subterfuge) prevented Standard from doing so. Rewarding this conduct would irreparably prejudice Standard; this motion fails.

b)      *Louise Paris's concealment violated LR 7.1-1.*

Louise Paris's concealment of the identities of Aeropostale and Ross is also a patent violation of Local Rule 7.1-1. When Louise Paris filed its Notice of Interested Parties it specifically omitted Aeropostale and Ross. Barrett Decl., ¶ 4, Ex. 1. Louise Paris' concealment in its Notice of Interested Parties militates in favor of denying the motion.

LR 7.1-1 provides in relevant part that:

[C]ounsel for all non-governmental parties shall file with their first appearance an original and two copies of a Notice of Interested Parties *which shall list all persons, associations of persons, firms, partnerships and corporations (including parent corporations clearly*

> *identified as such) which may have a pecuniary interest in the outcome of the case*, including any insurance carrier *which may be liable in whole or in part (directly or indirectly) for a judgment that may be entered in the action* or for the cost of defense [...]

C.D. Cal. L.R. 7.1-1 (emphasis added). Given that Louise Paris' customers purchased the infringing garments from Louise Paris before Standard filed the *SFI I* case and Standard may seek to disgorge the profits realized from the sale of these knock-offs by of *all* of Louise Paris' customers for these garments, Aeropostale and Ross had a definite pecuniary interest in the outcome of *SFI I*.[1] Thus, Louise Paris was obligated to disclose the identities of *all* of its customers for its knock-off garments in its Notice of Interested Parties. Louise Paris's violation of its obligation to identify its customers for the infringing garments as interested parties precludes Louise Paris from intervening here.

Because Louise Paris filed a deficient Notice of Interested Parties, and never amended the Notice[2] prior to the deadline for amending the pleadings and adding additional defendants, Standard was deprived of the ability to timely seek

---

[1] As a result of the defendants' acts of infringement, the plaintiff is entitled to recover: (1) its actual damages suffered as a result of such infringement; (2) any profits reaped by the infringers attributable to the infringement; and (3) attorneys' fees. 17 U.S.C. § 504(b) and § 505; *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 n.5 (9th Cir.1985). Evidence of **apportionment of an infringer's profits** is proper only when the **infringer meets its burden** of proving "the contribution to profits of elements other than the infringed property." *Frank Music Corp.*, 772 F.2d at 518 (emphasis added) (*citing Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651, 657 (2d Cir. 1978). Once the plaintiff proves defendants sold the infringing goods, defendants have the onus "to prove the elements of costs to be deducted from sales in arriving at profit..." *Frank Music Corp.*, 772 F.2d at 514 (*citing Russell v. Price*, 612 F.2d 1123, 1130-31 (9th Cir. 1979).

amendment of the complaint. Therefore, Standard is not at fault for filing the instant action, and Louise Paris's improper acts foreclose its ability to intervene. Louise Paris' bad acts must not be countenanced with an allowance of intervention followed by a likely motion to dismiss this case as duplicative of *SFI I*.

> 2)  *Louise Paris does not have a significantly protectable interest relating to the property that is subject of this action.*

Louise Paris fails to prove that it has a significantly protectable interest relating to this action that would justify intervention. The motion fails.

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993), citing *Portland Audubon Soc'y v. Hodel,* 866 F.2d 302, 308 (9th Cir.1989)). Review of a motion to intervene is guided primarily by "practical and equitable considerations." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001), *citing Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998). Consideration of all equitable and practical considerations discussed herein militates in favor of denying the motion.

The only interests that Louise Paris claims entitles it to intervention in this case are defending itself as the "designer" and supplier of the knock-off garments at issue and indemnitor to its customers for these garments. U.S.D.C. *Dkt*. No. 23, pp. 7-8. But, Louise Paris is not a named defendant in this case and none of the defendants in this case are named in *SFI I*. Therefore, the claims in each case are different, there are no common issues of fact that would affect Louise Paris' interests, and Louise Paris' allegation of an independent interest in this case fails. Moreover, the supposed interest of Louise Paris to "defend itself" falls flat, in that

---

[2] "Counsel shall be under a continuing obligation to file an amended certification if any material change occurs in the status of interested parties." C.D. Cal. L.R. 7.1-1.

Louise Paris is already defending itself in *SFI I* and its defenses in that case will in no way be affected by the instant case moving forward without it.

Louise Paris fails to prove that it has a significantly protectable interest in this case. The motion should be denied.

    3)    *Disposition of this action will not impair Louise Paris from protecting its purported interests.*

Even if Louise Paris had a significantly protectable interest relating to the infringing property that is the subject of this action, the ultimate disposition of this action will not impair Louise Paris form protecting its purported interests.

Louise Paris has no other supposed rights in this case than those already being asserted in *SFI I*. Indeed, in that case Louise Paris has had seven months in which to mount a defense and conduct all necessary discovery to defend itself as the "designer" and supplier of the garments at issue. Louise Paris simply cannot present any further defenses for itself and its customers that it hasn't already asserted in *SFI I*, and this case moving forward without Louise Paris cannot possibly impair Louise Paris (or its customers) from mounting an adequate defense to the same general claims asserted by Standard.

Moreover, *SFI I* is nearly concluded, and thus Louise Paris's interests will be clearly identified and in no way impaired by this case moving forward in the beginning stages without Louise Paris' involvement. Discovery in *SFI I* is set to close on February 9, 2016, and trial is set for May 17, 2016. Barrett Decl., ¶ 6, Ex. 3. In this case, the initial scheduling conference is not set to take place until March 14, 2016 – after the deadline for filing dispositive motions in *SFI I*. Being that the extent of Louise Paris' individual liability for copyright infringement, if any, will be determined in well in advance of any major deadlines in this case, it is improper to allow Louise Paris to intervene here under the guise of having its interests impaired.

Since Louise Paris fails to prove that disposition of this action without its intervention will impair it from protecting its interests, it cannot intervene as a matter of right.

      4)     *Louise Paris's purported interests are adequately represented by the existing parties in this action.*

Louise Paris fails to make the requisite showing that the parties in this action will not adequately represent its interests. Therefore, Louise Paris cannot intervene as a matter of right.

The most important factor for assessing a motion for intervention as of right is "how the interest compares with the interest of existing parties," *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003), because "[i]f an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises," *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 898 (9th Cir. 2011). To rebut this presumption, the proposed intervenor must make a "compelling showing" of inadequacy. *Id.* (citing *Arakaki,* 324 F.3d at 1086). Louise Paris does not and cannot make such a showing.

Louise Paris alleges, "[a]s the designer and supplier of the garments at issue, Louise Paris has unique incentive to defend against Standard Fabrics' copyright infringement allegations, especially given that it is being sued for the same conduct in *SFI I.*" U.S.D.C. *Dkt.* No. 23, p. 7. But, there are no claims asserted against Louise Paris in this case, and should the case be tried, there would be no findings made against Louise Paris. Its only involvement is as a potential indemnitor for Aeropostale and Ross. This is insufficient to satisfy the rule. Louise Paris' customers –whom are represented by Louise Paris's counsel,[3] have the ability to

---

[3] See U.S.D.C. *Dkt.* Nos. 12, 22, and 24.

simply ask (or subpoena) Louise Paris for any information necessary to their defense, to the extent any claims or defenses remain after disposition of *SFI I*. The presumption of adequacy of representation exists here.

Furthermore, Louise Paris and its customers share the same ultimate objective in this case, and Louise Paris's interests potentially affected in this action have already been adequately represented in *SFI I*. Louise Paris's interests have already been fully represented in *SFI I*. And since Louise Paris's customers took no part in the creation of the Accused Product, their defenses will be wholly distinct from Louise Paris'. Thus, Louise Paris has no remaining interest in this action that isn't already being protected in *SFI I*. There is no justification for intervention.

Louise Paris fails to make the required "compelling showing" that its interests, if any, are not adequately represented in this case. Therefore, Louise Paris may not intervene as a matter of right.

## III.  CONCLUSION

Louise Paris fails to establish that it should be granted leave to intervene, and its misconduct necessitated the multiple actions, and prejudiced Standard. Denial of this motion is proper.

Respectfully submitted,

DATED: January 4, 2016                    By:      */s/ Scott A. Burroughs*
                                                    Trevor W. Barrett, Esq.
                                                    Scott A. Burroughs, Esq.
                                                    DONIGER / BURROUGHS
                                                    Attorneys for Plaintiff

## <u>DECLARATION OF TREVOR W. BARRETT</u>

1.     I am an attorney licensed to practice law in the state of California and admitted to practice before this Court. I am an associate attorney at attorney DONIGER / BURROUGHS, which represents Plaintiff Standard Fabrics International, Inc. ("Standard"), and I personally participated in the litigation of the above-referenced case. I have personal knowledge of the facts set forth in this declaration and if called upon to testify I could and would testify competently thereto.

2.     *Standard Fabrics Int'l, Inc. v. Louise Paris, Ltd.*, No. 2:15-cv-03495 (C.D. Cal.) ("*SFI I*"). In *SFI I*, Standard alleged that Louise Paris manufactured and disseminated products bearing designs that infringe on Standard's registered copyrights for two two-dimensional textile designs (the "Subject Designs").

3.     During the course of litigation and discovery in *SFI I*, Louise Paris, Ltd. ("Louise Paris") concealed evidence of its sales of infringing garments to the defendants in this action, Aeropostale, Inc. ("Aeropostale") and Ross Stores, Inc. ("Ross"), for several months, frustrating Standard's ability to pursue a timely consolidated action and adequate discovery involving all of Louise Paris' customers for the goods at issue.

4.     On June 2, 2015, Louise Paris filed its L.R. 7.1-1 Notice of Interested Parties for the *SFI I* case, but neglected to disclose either Aeropostale or Ross in this notice. Attached hereto as **Exhibit 1** is a true and correct copy of this notice.

5.     On July 28, 2015, Louise Paris served its initial disclosures for that case, which were supposed to have included the names and affiliations of each potential witness likely to have discoverable information in the case. Louise Paris again concealed Aeropostale and Ross as customers of Louise Paris. Attached hereto as **Exhibit 2** is a true and correct copy of Louise Paris' initial disclosures.

6.      On July 28, 2015 the Court in *SFI I* entered its scheduling order for the case. The Court in *SFI I* set the deadline to add parties and amend pleadings at September 3, 2015. Discovery in *SFI I* is set to close on February 9, 2016, and trial is set for May 17, 2016. Attached hereto as **Exhibit 3** is a true and correct copy of the Court's scheduling order.

7.      Standard served its first set of discovery requests on Louise Paris in *SFI I* on July 28, 2015. Standard's discovery requests included an interrogatory seeking Louise Paris to detail all of its sales of the infringing goods, including the identification of all persons to which Louise Paris made such sales. On August 31, 2015, Louise Paris specifically responded that all sales of the infringing garments were made to Rainbow USA, Inc. Louise Paris has still not supplemented this response. Attached hereto as **Exhibit 4** are true and correct copies of all interrogatory responses provided by Louise Paris, highlighted for reference.

8.      Louise Paris never provided any documents or discovery responses reflecting any sales to Ross in the *SFI I* case. Indeed, Louise Paris' counsel stated in a November 2, 2015 e-mail "[w]e are unaware of any of the accused garments having been sold by Louise Paris to Ross[...]" Attached hereto as **Exhibit 5** is a true and correct copy of this e-mail.

9.      Louise Paris did not provide any documents in *SFI I* reflecting sales to Aeropostale until October 30, 2015 – nearly two months *after* the deadline to add parties to the action. The same day, Standard's counsel requested Louise Paris stipulate to adding both Aeropostale and Ross as defendants to the *SFI I* case, but Louise Paris declined to do so.

///
///

I declare under the penalty of perjury and the laws of the United States of America that the above is true and correct. Executed on January 4, 2016 in Venice, California.

By:    /s/ Trevor W. Barrett
       Trevor W. Barrett, Esq.
       Declarant