ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* pending)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* pending)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* pending)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1012
Facsimile: (212) 715-1399

*Attorneys for Intervenor-Defendant
Louise Paris, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>AEROPOSTALE, INC., a Delaware corporation; ROSS STORES, INC., a California corporation; and DOES 1-10,<br><br>  Defendants. | Case No.: 2:15-cv-08621-RGK-AJW<br><br>Judge: Hon. R. Gary Klausner<br><br>**REPLY MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE**<br><br>**Date: January 25, 2016<br>Time: 9:00 a.m.<br>Courtroom: Roybal - 850** |

Standard Fabrics' opposition brief makes no serious effort to rebut Louise Paris' arguments in support of its motion to intervene. Nor does Standard Fabrics identify any prejudice that it will suffer should the Court grant Louise Paris' motion. Rather, Standard Fabrics primarily bases its opposition on irrelevant — and unfounded — accusations of discovery misconduct in a separate action. The Court should reject this blatant attempt at misdirection.

The following undisputed facts are what is relevant to this motion. Louise Paris designed the garments at issue and supplied those garments to Defendants for sale to consumers. In two separate actions, Standard Fabrics is now asserting against Louise Paris (in *SFI I*) and Defendants (in this action, *SFI II*) "the same general claims" (Opp'n[1] at 9) of copyright infringement relating to the fabric designs used on certain Louise Paris-designed garments. A finding of infringement in <u>either</u> action would harm Louise Paris' ability to sell these garments, its relationship with its customers, and its finances given its indemnification obligations to Defendants. However, Defendants and Louise Paris will advance "<u>wholly distinct</u>" defenses to Standard Fabrics' infringement claims, since Defendants "took no part in the creation of the" garments at issue. *See* Opp'n at 11 (emphasis added). This Court will not have the opportunity to consider Louise Paris' defenses unless it is permitted to intervene.

Accordingly, Louise Paris respectfully requests that its motion to intervene be granted as a matter of right, pursuant to Fed. R. Civ. P. 24(a), so that it may protect its interest in this action, which would not otherwise be adequately protected. Alternatively, in view of the clear "overlapping issues of fact and law" between this action and Louise Paris' defenses (*see* Opp'n at 4), Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

---

[1] "Opp'n" refers to Standard Fabrics' Opposition to Non-Party Louise Paris, Ltd.'s Motion to Intervene, Dkt. No. 25.

REPLY MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE

## I. STANDARD FABRICS' HAS NOT REBUTTED LOUISE PARIS' SHOWING THAT IT IS ENTITLED TO INVERVENTION AS A RIGHT

Although Standard Fabrics does not dispute this motion's timeliness, it purports to raise issues with respect to the other three requirements for intervention as a matter of right: (i) Louise Paris must have "a significantly protectable interest relating to the property or transaction that is the subject of the action"; (ii) "disposition of the action may impair or impede the [Louise Paris'] ability to protect that interest"; and (iii) Louise Paris' "interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  Putting aside the fact that Standard Fabrics entirely fails to identify any prejudice that it might suffer should Louise Paris' motion be granted (other than conclusory statements of prejudice), Standard Fabrics' arguments are legally insufficient.

*First*, Standard Fabrics argues — without any legal support — that Louise Paris has no protectable interest at issue in this case because "Louise Paris is not a named defendant in this case and none of the defendants in this case are named in *SFI I*." Opp'n at 8.  Of course Louise Paris not a named defendant in this action — that is why it is moving to intervene.  If this argument were sufficient, then intervention would *never* be permitted.  Moreover, the fact that Defendants are not named in *SFI I* is simply irrelevant to the question of Louise Paris' interest in this case.  Rather, as Louise Paris explained in its opening brief, Louise Paris has a direct interest in protecting its garments and its indemnified customers from Standard Fabrics' copyright infringement allegations.  See Mot.[2] at 6-7 (citing *Indus. Tech. Res. Inst. v. LG Elecs., Inc.*, No. 3:13-cv-02016, 2014 WL 5325709, at *3-4 (S.D. Cal. Oct. 17, 2014) and *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 8:08-cv-626, 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008)).  Standard Fabrics entirely ignores Louise Paris' arguments and case citations on this issue.

---

[2] "Mot." refers to Nonparty Louise Paris' Memorandum in Support of Nonparty Louise Paris, Ltd.'s Motion to Intervene, Dkt. No. 23.

*Second*, Standard Fabrics argues — again without any legal support — that Louise Paris' ability to protect its interests would not be impaired by disposition of this action without its involvement, because Louise Paris is already defending itself in *SFI I*, which is scheduled to go to trial before this action (*SFI II*). *See* Opp'n at 9. But this Court cannot consider arguments that it never hears. Indeed, Standard Fabrics concedes that Defendants and Louise Paris will be advancing "wholly distinct" defenses since Defendants "took no part in the creation of the" garments at issue. *See* Opp'n at 11; *see also* Mot. at 7 (Louise Paris possesses "critical evidence regarding the conception and design of the garments at issue"). Moreover, there is no guaranty that the trial in *SFI I* will begin prior to this Court's consideration of the merits, as schedules may change or this action may be resolved earlier on a dispositive motion. A party should not be denied the ability to protect its interests because hypothetical future events might render it unnecessary — indeed, courts need only find that "disposition of the action *may* impair or impede the party's ability to protect [its] interest," and "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *See Arakaki*, 324 F.3d at 1083 (emphasis added).

*Third*, Standard Fabrics argues that Louise Paris' interests are adequately represented by Defendants because Louise Paris and Defendants "share the same ultimate objective" and Louise Paris has allegedly not made a compelling showing that its interests differ from those of Defendants. Opp'n at 10-11. To the contrary, Louise Paris and Defendants plainly have different interests and objectives in this action — while Louise Paris wants to protect itself and all of its customers, Defendants presumably only care about protecting themselves (regardless of whether they are harming Louise Paris or its other customers in the process). Indeed, Standard Fabrics concedes that Defendants' "defenses will be wholly distinct from Louise Paris'" because Defendants "took no part in the creation of the" garments at issue. Opp'n at 11. Accordingly, Louise Paris cited cases in its opening brief — which Standard Fabrics ignores — supporting the proposition that this element is satisfied because, as

- 3 -

the designer and supplier of the garments, Louise Paris has unique knowledge, access to evidence, and a greater incentive to defend against Standard Fabrics' infringement allegations. *See* Mot. at 7-8 (citing *Ancora*, 2008 WL 4326788, at *1 and *Indus. Tech.*, 2014 WL 5425708, at *4). This showing is more than sufficient to meet Louise Paris' "minimal" burden of demonstrating that "representation of [Louise Paris'] interest 'may be' inadequate." *Arakaki*, 324 F.3d at 1086.

For the reasons described above, Louise Paris' motion to intervene as a matter of right should be granted.

## II.   STANDARD FABRICS EFFECTIVELY CONCEDES THAT LOUISE PARIS' SHOULD BE ENTITLED TO PERMISSIVE INVERVENTION

Although Standard Fabrics does not directly address the question of permissive intervention, its opposition brief effectively concedes the point. Standard Fabrics does not dispute the timely nature of this motion or that there are independent grounds for jurisdiction. Standard Fabrics concedes that Louise Paris' defenses and this action have "overlapping issues of fact and law" (*see* Opp'n at 4), which is not surprising since it also admits that its infringement claims with respect to Defendants and Louise Paris are "the same general claims" (Opp'n at 9). Indeed, Standard Fabrics previously admitted in its Notice of Related Case that *SFI I* and *SFI II* "[c]all for determination of the same or substantially related or similar questions of law and fact." Dkt. No. 4 at 3. Lastly, other than conclusory allegations of prejudice (*see* Opp'n at 5, 6, 11), Standard Fabrics has *not* argued that "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

This Court granted a motion to intervene in almost identical circumstances in *Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. (attached as Ex. 4 to Tejeda Decl. in Supp. of Mot.). It should grant Louise Paris' motion for permissive intervention as well.

### III. STANDARD FABRICS' DISCUSSION OF DISCOVERY IN ANOTHER ACTION IS IRRELEVANT TO LOUISE PARIS' MOTION TO INTERVENE

Standard Fabrics devotes over half of its opposition brief to a smear campaign alleging that Louise Paris "concealed" the fact that Defendants obtained the garments at issue from Louise Paris. *See* Opp'n 2-8. Beside the fact that these allegations are absolutely false, they are irrelevant to Louise Paris' motion to intervene. There are clear standards that govern consideration of motions to intervene and — as explained above and in Louise Paris' opening brief — Louise Paris' motion meets those standards. Standard Fabrics does not and cannot point to any case law indicating that discovery in another action is relevant to a motion to intervene in this action.

Although it is not relevant to this motion, Louise Paris wishes to emphasize that it has never "concealed" the fact that it sold the garments at issue to Defendants. Louise Paris has sold tens of thousands of different styles of garments to many different retailers. Declaration of Joseph Barnathan ("Barnathan Decl.") ¶ 4 (attached). Each style of garment may be sold in many different versions, each bearing a different fabric design. *Id.* at ¶ 5. Although Louise Paris retains records regarding garments offered and sold, these records are not stored in a manner that is electronically searchable by fabric design. *Id.* at ¶ 7. Rather, Louise Paris' records are only electronically searchable by the style number of a particular garment. *Id.* at ¶ 6. Accordingly, identifying all documents and information related to a particular fabric design — *i.e.*, the fabric designs at issue on the garments in this case — simply is not possible without first identifying the style number of an accused garment. *Id.* at ¶ 8. As such, Louise Paris can only identify relevant garments after being provided with the style number of an accused garment. Here, Louise Paris was not originally aware of its sales of accused garments to Defendants, but once it was provided with the styles numbers at issue, it produced the relevant documents and information to Standard Fabrics well within the discovery period of *SFI I*. *Id.* at ¶¶ 11-12; *see* Opp'n at 9 (conceding that discovery is still ongoing). Prior to bringing this motion, Louise Paris'

counsel re-emphasized the relationship between Louise Paris and Defendants while meeting and conferring, but Standard Fabrics refused to consent to intervention. *See* Tejeda Decl. in Supp. of Mot., Ex. 3 at 2 ("As you well know, Louise Paris supplied Aéropostale and Ross with the garments at issue in this case.").

*First*, Standard Fabrics complains that Louise Paris did not identify Defendants Aeropostale and Ross in its initial disclosures in *SFI I*. Opp'n at 5-6. Even if those disclosures were insufficient, however, that fact is entirely irrelevant to its motion to intervene in this action (*SFI II*). Standard Fabrics cites no legal support for the proposition that initial disclosures in another case is relevant to a motion to intervene in this case.

Moreover, Rule 26 of the Federal Rules of Civil Procedure only requires that Louise Paris initially disclose individuals having discoverable information that it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Louise Paris had "no requirement to disclose anything that the [it] will not use." *See, e.g.*, *Green v. Alan Waxler Grp. Charter Servs., LLC*, 2014 WL 2808980, at *2 (D. Nev. June 19, 2014) (quoting 8A Wright, Miller, & Marcus, *Fed. Pract. & Proc.*, § 2053, at 365-66 (2010); *Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170, 171 (S.D. Ohio 2012) ("Rule 26(a)(1)(A)(i) does not require defendant Advance America to initially disclose the names of all individuals who have discoverable information, but only those individuals who defendant may use to support its defenses."). At the time it served its initial disclosures — as is the case today — Louise Paris had no intention of using any information from Defendants in order to supports its defenses in *SFI I*.[3] Accordingly, Louise Paris had no obligation to disclose Defendants in its initial disclosures in that action.

---

[3] Louise Paris reserves the right to supplement and/or amend its initial disclosures in *SFI I* to disclose Defendants. Louise Paris also states its intention to supplement its discovery responses in *SFI I* to identify Defendants prior to the close of discovery.

1      In fact, "Rule 26(a)(1)(A)(I) only requires parties to identify *individuals* likely to have discoverable information, not *corporate entities*." *Wyeth v. Medtronic, Inc.*, 2011 WL 1675041, at *7 (D.N.J. May 3, 2011) (emphasis added); *see also Moore v. Computer Assocs. Int'l, Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009) (initial disclosures are "limited to individuals and exclusive of corporate entities"). Since Defendants Aeropostale and Ross are both retailers (*i.e.*, corporate entities), Louise Paris never would not have been obligated to disclose Defendants regardless of Louise Paris' intention to use information in their possession.

In addition, Rule 26 explain that "[a] party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). Based on the information reasonably available to Louise Paris at the time of its initial disclosures in *SFI I*, Louise Paris did not know that it had even sold the garments at issue to Defendants. *Id.* at ¶ 11. After being provided with the information required for it to identify the accused garments within its records, Louise Paris produced documents reflecting its sales of such garments to Defendants *SFI I*.

*Second*, Standard Fabrics further complains that Louise Paris did not identify Defendants in its Notice of Interested Parties in *SFI I*. Opp'n 6-7. Even if that notice was insufficient, however, that fact is entirely irrelevant to its motion to intervene in this action (*SFI II*). Standard Fabrics cites no legal support for the proposition that a Notice of Interested Parties in another case is relevant to a motion to intervene in this case.

Moreover, Local Rule 7.1-1 explains that, in order "[t]o enable the Court to evaluate possible disqualification or recusal," the notice should identify parties "which may have a pecuniary interest in the outcome of the case." L.R. 7.1-1. Of course, this Rule does not and cannot impose an obligation on Louise Paris to disclose information that it does not know. Indeed, the Rule permits parties to serve amended notices. *See id.* Moreover, Rule 7.1-1 clearly does not intend to encompass every single pecuniary interest in the action no matter how attenuated the connection. Otherwise, for

example, Standard Fabrics' Notice in this action (*SFI II*) would be in violation of L.R. 7.1-1 for failing to disclose the names of its owners and investors. *See* Dkt. 2. The mere fact that Defendants may be impacted by the decision in *SFI I* does not give them a pecuniary interest of the type that is at issue in L.R. 7.1-1.

*Lastly*, Standard Fabrics complains that it was unable to amend its complaint in *SFI I* to add Defendants Aeropostale and Ross because Louise Paris produced information regarding Defendants after the deadline for amending pleadings (but while discovery was ongoing). Opp'n at 2-5. Even if Louise Paris somehow prevented Standard Fabrics from amending its complaint in *SFI I*, however, that fact is entirely irrelevant to its motion to intervene in this action (*SFI II*). Standard Fabrics cites no legal support for the proposition that such conduct in another case is relevant to a motion to intervene in this case.

Moreover, Standard Fabrics' allegations are simply false. The Federal Rules of Civil Procedure permit Standard Fabrics to amend its complaint with Louise Paris' written consent or by leave of court. Fed. R. Civ. P. 15(a)(1)(B). "The court should freely give leave when justice so requires." *Id.* Indeed, courts in the Ninth Circuit should apply this policy "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Here, Standard Fabrics asked Louise Paris for consent to add Aeropostale and Ross as defendants in *SFI I*. *See* Dkt. No. 25-5. At the time, Louise Paris was aware of the sales to Aeropostale, and therefore consented to Aeropostale's addition. *Id.* Louise Paris had not yet uncovered its sales to Ross, however, and therefore asked Standard Fabrics for "additional information [regarding Ross] . . . in order to respond to that aspect of [the] request." *Id.* Rather than responding to Louise Paris' request for additional information, however, Standard Fabrics commenced this action. Louise Paris would have been happy to provide written consent had Standard Fabrics simply provided the requested information, at which point Standard Fabrics could have amended its complaint in *SFI I* pursuant to Rule 15(a)(1)(B).

\* \* \*

In sum, none of Standard Fabrics' complaints about Louise Paris' discovery practices in *SFI I* are valid, much less relevant to Louise Paris' motion to intervene in this action (*SFI II*). All that matters to this motion is the standard for a motion to intervene. Here, that standard has been met.

## CONCLUSION

For all the reasons described above and in Louise Paris' opening brief, Louise Paris respectfully requests that the Court grant its motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). In the alternative, Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

Dated: January 11, 2016

ARNOLD & PORTER LLP

By: */s/ Eric D. Mason*
Eric D. Mason
Eric.Mason@aporter.com
Louis S. Ederer
Louis.Ederer@aporter.com
Matthew T. Salzmann
Matthew.Salzmann@aporter.com
Laura W. Tejeda
Laura.Tejeda@aporter.com

*Attorneys for Intervenor
Louise Paris, Ltd.*