UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-08621-RGK (AJWx)** | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Standard Fabrics Int'l Inc. v. Aeropostale Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Nonparty Motion to Intervene (DE 22)

### I. INTRODUCTION

On November 4, 2015, Standard Fabrics ("Plaintiff") filed a Complaint against Aeropostale Inc. ("Aeropostale") and Ross Stores Inc. ("Ross") for Copyright Infringement and Vicarious and/or Contributory Copyright Infringement. Those claims arise from Defendant's manufacture, distribution, and sale of fabric and garments featuring a design which is allegedly identical to, or substantially similar to, a two-dimensional textile design in which Plaintiff holds a U.S. copyright.

On December 28, 2015, Louise Paris, Ltd. ("Louise Paris") filed the present Motion to Intervene for the purpose of defending itself against Plaintiff's copyright infringement allegations. Louise Paris is the designer and supplier of the alleged infringing garments and Louise Paris's position is that a finding of infringement in this case would harm its ability to sell the garments at issue, its relationship with its customers, and its indemnification obligation to Defendants.

For the following reasons, the Court **GRANTS** Louise Paris's Motion to Intervene.

### II. FACTUAL BACKGROUND

#### A. Prior Pending Litigation

Louise Paris's position is that the present action concerns the same or substantially similar designs and garments already being litigated in a case Plaintiff filed against Louise Paris in U.S. District Court for the Central District of California, *Standard Fabrics International, Inc. v. Louise Paris, Ltd.*, No. 2:15-cv-03495-PSG ("*SFI I*"). With the exception of the named defendants, the complaint in that action is nearly identical to the Complaint in the present action.

Plaintiff asserts that Louise Paris violated Fed. R. Civ. P. 26 when it failed to make an initial disclosure of Aeropostale and Ross in *SFI I*. This violation rendered Plaintiff unable to amend its

complaint in *SFI I* before the deadline for amendment expired, forcing Plaintiff to file a new complaint-the Complaint in the present action-against Aeropostale and Ross. Plaintiff asserts that allowing Louise Paris to intervene in the present case, would cause irreparable prejudice. Louise Paris counters that it did not violate Fed R. Civ. P. 26 because it was not required to disclose Aeropostale and Ross since it did not intend to use any information from them to support its defenses in *SFI I*.

### B. Instant Action

On November 4, 2015, Plaintiff filed a Complaint against Aeropostale Inc. ("Aeropostale") and Ross Stores Inc. ("Ross") for Copyright Infringement and Vicarious and/or Contributory Copyright Infringement. These claims arise from Defendant's sale of fabric and garments featuring a design which is allegedly identical to, or substantially similar to, a two-dimensional textile design in which Plaintiff holds a U.S. copyright.

On December 28, 2015, Louise Paris moved to intervene for the purpose of defending itself against Plaintiff's copyright infringement allegations. Louise Paris contends it has a clear interest in this present action because it is the supplier and designer of the garments at issue and is in an agreement to indemnify Defendants for copyright infringement.

## III. JUDICIAL STANDARD

### A. Intervention

Intervention is governed by Federal Rules of Civil Procedure ("Rule") 24, which permits two types of interventions: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a), (b).

Intervention of right is governed by Rule 24(a), which states that on timely motion, the court *must* permit anyone to intervene who

> Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Permissive intervention is governed by Rule 24(b), which states that on timely motion, the court *may* permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit therefore outlines three requirements for permissive intervention under Rule 24(b). The applicant for intervention must show:

> (1) independent grounds for jurisdiction; (2) the motion is timely;
> (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common.

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

These are just threshold requirements after which a court has discretion to grant or deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### B.     Duty to Disclose

Duty to disclose is governed by Federal Rules of Civil Procedure ("Rule") 26, which requires the parties to make initial disclosure without awaiting discovery requests of certain information. Fed. R. Civ. P. 26(a)(1)(A). Rule 26 requires, in pertinent part, the disclosure of

> The name, and if known, the address and telephone number of each individual likely to have discoverable information- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i).

## IV.    DISCUSSION

Louise Paris moves to intervene as a matter of right, or alternatively for permissive intervention. Because the Court finds that permissive intervention is warranted, it need not address intervention as a matter of right.

### A.     Independent Grounds for Jurisdiction and Timeliness

Plaintiff does not appear to contest the first two requirements for permissive intervention and the Court finds the requirements met here. First, Plaintiff's copyright infringement claims arises under federal question jurisdiction and Louise Paris seeks to assert a defense in response to Plaintiff's copyright claims, thus the first requirement is satisfied.

Second, in evaluating the timeliness of a motion to intervene, courts consider "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to the other parties; and 3) the reason for the length of the delay." *U.S. v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) (internal quotation omitted). Here, Louise Paris moved to intervene less than two months after the Plaintiff filed its Complaint, and no significant developments have occurred in this case. Louise Paris also asked Plaintiff to amend its Complaint to add Louise Paris as a defendant before filing its Motion to Intervene. (Tejeda Decl., Ex. 3, ECF No. 24.) Further, Plaintiff has not pointed to any prejudice that would result from Louise Paris's intervention. Plaintiff's only reference to prejudice is the prejudice it would incur by "rewarding [Louise Paris's] conduct" due to Louise Paris's alleged discovery violations in *SFI I*. (Pl.'s Opp'n To Mot. To Intervene 6:17, ECF No. 25.)

### B.     Common Questions of Law or Fact

Louise Paris's defense clearly has questions of fact in common with the present action, and may share questions of law as well. As set forth in Louise Paris's Motion to Intervene, Plaintiff alleges Defendants infringed Plaintiff's copyrights by selling garments supplied by Louise Paris. Plaintiff has acknowledged that there "may be overlapping issues of fact and law." (Pl.'s Opp'n To Mot. To Intervene 4:28, ECF No. 25.) Louise Paris is the designer and supplier of the alleged infringing garments and thus there is a common issue of fact. There is also a common issue of law in that Louise Paris may be held vicariously liable if Defendants are found guilty and Louise Paris has an indemnification agreement with Defendants if they are found liable. (Memo. In Supp. Of Mot. To Intervene 6:26-27, ECF No. 23.)

### C. Rule 26 Violation

Plaintiff points to Louise Paris's alleged violation of Rule 26 as grounds for denying its motion to grant intervention. (Pl.'s Opp'n To Mot. To Intervene 5:14-20, ECF No. 25.) Plaintiff contends Louis Paris's supposed concealment of evidence that it sold the alleged infringing garments to Aeropostale and Ross in *SFI I* is a "plain violation" of Rule 26 and that it should not be able to "benefit from its misconduct." (Pl.'s Opp'n To Mot. To Intervene 5:24-27, ECF No. 25.) Plaintiff cites no legal support for its contention that initial disclosure violations in another case are relevant to a motion to intervene in a different case.

Rule 26 requires disclosure of individuals that are "likely to have discoverable information" only if the party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). In its Reply to Plaintiff's Opposition, Louise Paris contends it never had any intention of using any information from Aeropostale or Ross to support its defenses in *SFI I*. (Reply ISO Mot. to Intervene 6:21-22, ECF No. 26.) In *Shaw v. City of Redondo Beach*, No. CV05-0481SVWFMOX, 2005 WL 6119579, at *2 (C.D. Cal. Aug. 18, 2005), the court found the defendant did not violate Rule 26 since it did not intend to use documents at trial or in its motions. Although the court ruled on Fed. R. Civ. P. 26(a)(1)(A)(ii) and this matter concerns Fed. R. Civ. P. 26(a)(1)(A)(i), both have the exact same language: "that the disclosing party may use to support its claims or defenses." Thus, since Louise Paris did not intend to use any information from Aeropostale or Ross, there is no Rule 26 violation that would preclude Louise Paris's intervention in the present case.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Louise Paris's Motion to Intervene.

**IT IS SO ORDERED.**

                                                        :

Initials of Preparer